UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STEVEN ELSNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:21-cv-58 |
| | ) |
| MAXIM CRANE WORKS, LP, | ) |
| MAXIM CRANE WORKS, LLC, | ) |
| MAXIM CRANE WORKS, INC., and | ) |
| APOLLO GLOBAL MANAGEMENT, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

STEVEN ELSNER (hereinafter "Steven"), by CUSTY LAW FIRM, LLC, for his Complaint against MAXIM CRANE WORKS, LP, MAXIM CRANE WORKS, LLC, MAXIM CRANE WORKS, INC. and APOLLO GLOBAL MANAGEMENT, INC. (hereinafter collectively "Maxim"), alleges and states:

### Jurisdictional Statement

1. At all times relevant herein, Steven was a citizen of Indiana.

2. At all times relevant herein, Maxim Crane Works, LP was a Pennsylvania limited partnership that was owned by its two (2) partners, Maxim Crane Works, LLC and Maxim Crane Works, Inc. Maxim Crane Works, LLC was wholly owned by its only member, Maxim Crane Works, Inc., a Delaware Corporation with its principal place of business in Bridgeville, Pennsylvania. Apollo Global Management Inc. was a Delaware

Corporation with its principal place of business in New York, New York.

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Subject matter jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C § 1332.

**Venue**

4. All of the conduct giving rise to the Complaint occurred in Wolcott, White County, Indiana 47995, within the Lafayette Division of the Northern District of Indiana.

**Count I –** *Negligence and Recklessness*

5. On May 21, 2020, Steven was working for his employer, Titan Construction & Engineering Services, at the premises of EggLife Foods, 911 North 1200 West, Wolcott, White County, Indiana 47995 (hereinafter "the premises").

6. At the same time, employees and/or agents of Maxim were performing work at the premises, including operating Maxim's crane at the premises.

7. On May 21, 2020, Maxim was vicariously liable under *respondeat superior* for the conduct of its agents and/or employees in performing work at the premises.

8. On May 21, 2020, Maxim owed Steven and other individuals on the premises a duty to use reasonable care in the conduct of its work so as to avoid injuring

2

individuals such as Steven.

9. On May 21, 2020, Maxim breached the foregoing duty and was reckless and/or negligent in one or more of the following respects, *inter alia*:

    a. Maxim had control of its work at the premises, but did not exercise due care in the management, supervision, sequencing, operation, inspection, repair and/or control over its work at the premises;

    b. Maxim had control of its work at the premises, but negligently exercised due care in the management, supervision, sequencing, operation, inspection, repair and/or control of its work at the premises;

    c. Maxim allowed dangerous conditions to exist at the premises endangering those working in and around the area at the premises;

    d. Maxim failed to warn Steven and others of the dangerous conditions extant at the premises by means of verbal, written or other warnings which would have made Steven and others aware of the dangerous conditions;

    e. Maxim negligently warned Steven and others of the dangerous conditions extant at the premises by means of verbal, written or other warnings insufficient to make Steven and others aware of the dangerous conditions;

    f. Maxim failed to furnish adequate and safe equipment, including safety equipment, to prevent the occurrence;

    g. Maxim negligently furnished equipment, including

3

safety equipment, to prevent the occurrence;

h. Maxim failed to maintain equipment, including safety equipment, to prevent the occurrence;

i. Maxim negligently maintained equipment, including safety equipment, to prevent the occurrence;

j. Maxim failed to establish and enforce safe work rules at the premises;

k. Maxim recklessly/negligently enforced safe work rules at the premises;

l. Maxim failed to provide competent and careful supervision over its work at the premises;

m. Maxim recklessly/negligently provided incompetent and careless supervision over its work at the premises;

n. Maxim failed to take reasonable and necessary steps to prevent the occurrence;

o. Maxim failed to hire reasonably competent agents and/or employees to perform work at the premises;

p. Maxim negligently retained incompetent agents and/or employees to perform work at the premises;

q. Maxim failed to train agents and/or employees to perform work properly at the premises;

r. Maxim incompetently trained agents and/or employees to perform work at the premises;

s. Maxim, through its agents and/or employees, negligently operated equipment at the premises;

    t.    Maxim, through its agents and/or employees, recklessly installed and/or operated equipment at the premises;

    u.    Maxim, through its agents and/or employees, recklessly selected, installed, positioned and/or utilized equipment at the premises;

    v.    Maxim violated and/or permitted others to violate relevant portions of OSHA, ANSI, BOCA and other state and federal safety codes and standards without justification or excuse; and/or

    w.    Maxim failed to use the same care that a reasonably prudent person would have used under the same, similar or substantially like circumstances.

10.    As a direct and proximate result of the negligence and/or recklessness of Maxim, the tag line attached to a piece of steel being hoisted by Maxim's agents and/or employees and utilizing Maxim's crane became entangled with an obstruction, broke free, and struck Steven, causing severe and permanent injuries.

11.    As a direct and proximate result of the foregoing negligence and/or recklessness, Steven sustained severe personal injuries, incurred ambulance, hospital, diagnostic, pharmaceutical, therapeutic, surgical and other medical expenses, will incur such expenses in the future, suffered and will continue to suffer physical pain, mental suffering, lost wages, impairment of earning capacity, and permanent disability, and incurred other injuries and damages of a personal and a pecuniary nature.

WHEREFORE, STEVEN ELSNER, by CUSTY LAW FIRM, LLC, seeks the entry of judgment in his favor and against defendants MAXIM CRANE WORKS, LP, MAXIM CRANE WORKS, LLC, MAXIM CRANE WORKS, INC. and APOLLO GLOBAL MANAGEMENT, INC., for compensatory damages in an amount to be determined herein, punitive damages, prejudgment interest, the costs of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com

## JURY DEMAND

STEVEN ELSNER, by CUSTY LAW FIRM, LLC, respectfully demands trial by jury.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com